IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BECKIE LYNN BALLARD, on behalf of herself and others similarly situated, | § § § | CIVIL ACTION NO. 5: 15-cv-1157 |
| *Plaintiffs*, | § § § | JURY TRIAL DEMANDED |
| v. | § § | |
| VOYAGER PIPELINE CONSTRUCTION, LLC, a/k/a VOYAGER ENERGY SERVICES, LLC, and VOYAGER CONSTRUCTION, LLC, | § § § § § | COLLECTIVE ACTION |
| *Defendant.* | | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Voyager Pipeline Construction, LLC, a/k/a Voyager Energy Services, LLC and Voyager Construction, LLC, (hereinafter, collectively, "Voyager"), a company in the oil and gas industry's piping and plant construction business, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying overtime compensation, thus depriving them of rightful compensation for their work that Voyager is legally obligated to pay.

2. Plaintiff Beckie Lynn Ballard worked for Voyager in its South Texas Yard and was damaged by this illegal policy or practice. Plaintiff was similarly denied the overtime compensation she was due under the FLSA. Plaintiff brings this lawsuit on behalf of herself and all other similarly situated current or former Voyager yard office employees and other hourly paid workers (hereinafter, collectively, "yard office employees"), to recover unpaid overtime compensation, liquidated damages, attorneys'

fees, and costs owed to them individually and on behalf of other similarly situated individuals.

## II.     JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Western District of Texas.  28 U.S.C. § 1391(b)(2).

## III.    THE PARTIES

5. Plaintiff Ballard worked for Voyager in its South Texas Yard in Kenedy, Texas.  She worked in a variety of ministerial roles including as a receptionist, an office coordinator and trainer, and as a data processor in the billing, payroll, and/or human resources departments.  She regularly worked in excess of 40 hours per week without receiving all the overtime compensation that she was due at one-and-one-half times her regular rate of pay.  Plaintiff Ballard's consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former yard office employees who were employed by Voyager during the three-year period preceding the filing of this complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Voyager Pipeline Construction, LLC, a/k/a Voyager Energy Services, LLC and Voyager Construction, LLC, is a Domestic Limited Liability Company with a principal place of business at P.O. Box 5549, Granbury, Texas 76049

that is engaged in commerce in the United States and is otherwise subject to the FLSA. Voyager employed Plaintiff within the meaning of the FLSA. Voyager may be served with process by serving its Registered Agent, Jerry Don Thompson, at 4415 S. Georgia, Suite 108, Amarillo, Texas 79110.

## IV. BACKGROUND

8. Voyager is headquartered in Granbury, Texas and is in the oil and natural gas services business. Voyager provides the oil and gas industry with primary production services, including but not limited to pipeline construction.

9. Voyager serves clients in numerous locations throughout Texas, Arkansas, Louisiana, Mississippi, New Mexico and Oklahoma and, likewise, employs both field and office personnel in various yards in Texas and elsewhere, including in its South Texas Yard, Midland Yard and Pecos Yard. Generally, the yards require one or more employees to be "on call" 24 hours a day.

10. Voyager's yard office employees perform various tasks, including but not limited to office coordination, training, and data processing. These tasks often involve work with Voyager's human resources and payroll departments.

11. Voyager paid its yard office employees by the hour, each week, based on a 40- to 50-hour work week, irrespective of the number of hours each employee actually worked in excess of 40 or 50 hours each week. Upon information and belief, in years past, Voyager paid its yard office employees by the hour for all hours worked, inclusive of overtime pay. However, upon information and belief, Voyager stopped paying overtime and began compensating employees for straight-time only (no overtime), capped at 40 or 50 hours, as a money-saving measure. Alternatively, Voyager began

misclassifying its yard office employees as salaried "exempt" employees for purposes of compensation, although they are paid on an hourly basis (not to exceed 40 or, in some cases, 50 hours per week, though they actually work many more than 40 or 50 hours). As a result, Voyager fails to compensate such employees for the overtime hours they actually work.

12. Voyager also pays its yard office employees a "per diem" for each day worked. This per diem does not vary from day to day and/or bears no correlation to the actual dollar value of expenses incurred by the yard office employees.

### V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A.   Voyager Failed to Properly Pay Overtime Compensation.*

13. Plaintiff worked in Voyager's South Texas Yard in Kenedy, Texas as a receptionist, an office coordinator and trainer, and as a data processor in the billing, payroll, and/or human resources departments. Plaintiff did not direct the work of her fellow employees, manage any department within Voyager, have the authority to hire or fire other Voyager workers, or have a primary duty of exercising her discretion and independent judgment with respect to matters of significance. She was required to remain "on call" 24 hours a day. During her tenure at Voyager, Plaintiff worked 50-hour or longer weeks, in addition to her "on call" position. During typical weeks, Plaintiff commonly worked approximately 60 or more hours.

14. Voyager paid Plaintiff a set hourly rate for each hour worked. During part of Plaintiff's tenure, she was paid overtime for hours worked over 40 in a workweek. However, Voyager later "capped" Plaintiff's number of paid hours in a workweek at 50 hours, which it paid her at her regular rate of pay (not overtime rate), though Plaintiff

continued working approximately the same number of overtime hours week-to-week and her duties did not change. Voyager also paid Plaintiff a per diem totaling $346.16 for each week. This per diem never changed, regardless of the amount of expenses incurred by Plaintiff.

15. After Voyager discontinued paying her overtime, Voyager paid Plaintiff by the hour, each week, based on a 50-hour work week, irrespective of the number of hours she actually worked in excess of 50 hours each week. Voyager classified her as salaried employee for purposes of calculating total hours worked, although she was paid on an hourly basis not to exceed 50 hours per week. As a result, Voyager failed to compensate Plaintiff for the overtime hours she actually worked, but, rather, compensated Plaintiff for only 10 of the 20 or more hours of overtime that she had actually worked during the week, but at a straight time pay rate. For the remaining hours, Plaintiff was simply not compensated at all.

16. The FLSA requires Voyager to pay overtime compensation for each hour Plaintiff worked in excess of 40 hours in a week. Voyager should have paid Plaintiff for 40 hours of regular pay and at least 20 hours or more of overtime in a typical workweek, but Voyager failed to pay Plaintiff that amount.

17. Further, because the per diem did not actually reflect expenses incurred by Plaintiff, but was rather a set amount paid regardless of actual expenses incurred, the FLSA requires the per diem amount to be included in Plaintiff's regular rate of pay, which would then increase her overtime rate of pay by the corresponding increase in her regular rate of pay.

18. By failing to pay Plaintiff her overtime rate of pay for 20 hours or more each pay period and by failing to properly calculate Plaintiff's regular rate of pay and overtime rate of pay, Voyager has deprived Plaintiff of a significant amount of overtime compensation to which she is rightfully entitled.

**B.     *Voyager Willfully Violated the FLSA.***

19. The FLSA and Department of Labor regulations set forth the proper means for calculating and paying overtime compensation to non-exempt employees like Plaintiff. Voyager failed to follow these rules when paying Plaintiff.

20. Voyager had a policy and/or practice of paying its yard office employees for only a portion of the hours they worked instead of for the actual amount of hours including overtime hours that they worked in a given week. Voyager also had a policy and/or practice of miscalculating the regular rate of pay and overtime rate of pay for its yard office employees based on the per diem that it paid them for each day worked.

21. Voyager knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

## VI.     COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff is aware that Voyager's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class work for Voyager as yard office employees. The Members of the Class perform job duties similar to Plaintiff, as described above.

23. As with Plaintiff, Members of the Class typically work 60-hour or longer weeks. Upon information and belief, Members of the Class are also often "on call" during the time that they are not working.

24.     As with Plaintiff, Members of the Class are paid each week. Upon information and belief, the Members of the Class are not paid for the overtime hours actually worked, with their remaining time in excess of 40 hours per week, not to exceed 50, compensated at their regular rate of pay. Hours worked beyond 50 hours in a workweek were simply uncompensated. The FLSA requires that hours over 40 worked in a week be compensated at the overtime rate of 1½ times the regular rate of pay. Like Plaintiff, Members of the Class should be paid their regular rate for 40 hours and their overtime rate for all hours worked over 40 in a week.

25.     Upon information and belief, the Members of the Class are also paid a per diem for each day they work. However, upon information and belief, that per diem does not fluctuate from week to week based upon expenses actually incurred by the employees. Therefore, the FLSA requires that the per diem be included in the regular rate of pay for the Members of the Class, meaning that Voyager has failed to properly calculate both the regular rate of pay and the overtime rate of pay for the Members of the Class.

26.     Voyager's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Voyager to pay its yard office employees straight time for all hours worked in excess of 40, not to exceed 50 per work week. As such, the Members of the Class are owed overtime compensation for precisely the same reasons as Plaintiff.

27.     Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former yard office employees who were employed by Voyager during the three-year period preceding the filing of this complaint.**

28. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

29. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.   CAUSES OF ACTION

30. The preceding paragraphs are incorporated by reference.

31. As set forth above, Voyager violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay overtime for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207.

32. Plaintiff and Members of the Class are entitled to recover overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

33. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

34. In addition, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII.   JURY DEMAND

35. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award them and Members of the Class judgment against Voyager Pipeline Construction, LLC, a/k/a Voyager Energy Services, LLC and Voyager Construction, LLC for:

1. damages for the full amount of their unpaid overtime compensation;

2. an amount equal to their unpaid minimum wages and overtime compensation as liquidated damages;

3. reasonable attorneys' fees, costs and expenses of this action;

4. pre-judgment and post-judgment interest at the highest rate allowed by law; and

5. such other and further relief as may be allowed by law.

    Respectfully submitted,

    BAILEY PEAVY BAILEY PLLC

    By: /s/   Robert W. Cowan
        Robert W. Cowan
        Attorney-in-Charge
        Federal Bar No. 33509
        Texas Bar No. 24031976
        440 Louisiana Street, Suite 2100
        Houston, Texas 77002
        Telephone: (713) 425-7100
        Facsimile: (713) 425-7101
        rcowan@bpblaw.com